IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No.: 15-cv-01142-CBS

WAYNE R.E. RUDDER,

    Plaintiff,

v.

JIM HERRIMAN, and

KEY BANK

    Defendants.

_____

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR IMPROPER VENUE**
_____

Magistrate Judge Shaffer

    This civil action comes before the court on Defendants' "Motion to Dismiss for Improper Venue; Or in the Alternative to Transfer for Improper Venue; Or in the Alternative to Transfer for Convenience Pursuant to F.R.C.P. 12(b)(3)." (Doc. # 8). Plaintiff did not file a Response to the Motion. Pursuant to the Order of Reference dated July 21, 2015 (Doc. # 11), this case was directly assigned for all purposes to this Magistrate Judge pursuant to 28 U.S.C. § 636(c) and D.C. COLO. LCivR 72.2. The court has reviewed the motion, the pleadings, the entire case file, and the applicable law and is sufficiently advised in the premises.

## I.      Background

Plaintiff Wayne Rudder, appearing *pro se*, brings this action pursuant to the Equal Credit Opportunity Act, 15 U.S.C. § 1691, and the Fair Housing Act , 42 U.S.C. § 3601. The Complaint arises from a single interaction between Plaintiff and Defendant Jim Herriman[1] ("Herriman"), an employee of Defendant KeyBank National Association ("KeyBank").

On April 1, 2015[2], Plaintiff visited a local KeyBank branch in Yakima, Washington to open an account. Plaintiff told a bank employee that he would use the account to deposit funds from his immigration practice as well as his other business, "Kick Ass Grass." The employee asked if this second business was a marijuana business, to which Plaintiff responded yes. The employee told Plaintiff that she could not open the account because of the nature of his business. Plaintiff asked to see a corresponding written policy. The employee explained that while there was no written policy, the corporate office would close the account if she opened a marijuana business account.

Plaintiff then spoke with Defendant Herriman regarding KeyBank's policy on marijuana businesses. Herriman reiterated that while the Bank did not have a written policy, it would not open an account for a marijuana business. When Plaintiff asked to open an account under one of his other corporations that would not include his marijuana business, Herriman purportedly asked Plaintiff to leave or else he would have security escort him out. Plaintiff pointed out that there were no black or Mexican employees at that bank location, which allegedly prompted Herriman to say, "It is always racism with you people." Based upon this single incident, Plaintiff

---

[1] The Complaint refers to this Defendant as "Harriman." Defendants explain that the proper spelling is "Herriman." The court defers to Defendants' spelling.

[2] The Complaint does not reference a specific date, but rather claims the incident occurred "during the first half of the year". Defendants' Motion indicates the date of the incident was April 1, 2015.

y
z
w

contends that KeyBank discriminated against him due to the fact that he is black and in the marijuana business.

## II.     Standard of Review

Defendants have moved to dismiss based on improper venue pursuant to Fed. R. Civ. P. 12(b)(3) or, in the alternative, to transfer this action to the U.S. District Court for the Eastern District of Washington. The standard of review under Rule 12(b)(3) is generally the same as a motion to dismiss for lack of personal jurisdiction. *H&H Transformer, Inc. v. Battelle Energy Alliance, LLC,* No. 09-cv-0042, 2009 WL 3530370, at *3 (D.Colo.Oct. 23, 2009). When a motion to dismiss for lack of jurisdiction is brought before trial and supported by affidavits and other written material, a plaintiff need only make a prima facie showing. *Taylor v. Phelan*, 912 F.2d 429, 431; *Federal Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir.1992). In assessing whether the plaintiff has met its burden, allegations in the Complaint that are uncontroverted by the defendant's affidavits must be taken as true and all factual disputes should be resolved in favor of the plaintiff. *Taylor*, 912 F.2d at 431. Generally, a plaintiff's choice of forum is given great deference. The burden on the party seeking to overcome the chosen forum is significant. *William A. Smith Contracting Co. v. Travelers Indem. Co.*, 467 F.2d 662, 664 (10th Cir.1972).

Venue is governed by 28 U.S.C. § 1391(b), which provides, in relevant part, that a civil action may brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

The court must analyze the issues raised in the pending motion even though Plaintiff did not file a Response. *Cf. Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003) ("[A] district court may not grant a motion to dismiss for failure to state a claim merely because [a party] failed to file a response"). Because Plaintiff is proceeding *pro se*, the court must construe his Complaint liberally. *Haines v. Kerner*, 404 U.S. 519, 250-251 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court is not Plaintiff's advocate and must nevertheless deny a claim that is based on vague or conclusory allegations. *Hall*, 935 F.2d at 1110.

### III.   Analysis

The court evaluates Defendants' argument that the District of Colorado is an improper venue for this action. The Complaint alleges KeyBank is headquartered in Colorado's Northern District[3], and thus asserts in conclusory fashion that the District of Colorado is proper venue. Plaintiff does not, however, allege that any of the events or omissions giving rise to his claim occurred in Colorado. Rather, it is agreed by the parties that all of the operative events took place in Yakima, Washington. While KeyBank can be deemed to be a resident of the State of Colorado, Defendant Herriman is plainly not. The venue statute clearly requires that all defendants reside in the chosen state. For these reasons, the court finds that the District of Colorado is an improper venue for this action.

When the chosen venue is improper, the court "shall dismiss, or if it be in the interest of justice, transfer such a case" to any district in which it could have been brought. 28 U.S.C. § 1406(a). The factors supporting transfer in lieu of dismissal are whether (1) a new action would be time-barred; (2) the claims are likely to have merit; and (3) the action was filed in good faith or after Plaintiff realized or should have realized that the chosen forum was improper. *Trujillo v. Williams*, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006).

---

[3] The court assumes "Colorado's Northern District" simply refers to the District of Colorado.

The court first considers whether Plaintiff's re-filing of this case would be barred by the statute of limitations. Actions brought pursuant to the Equal Credit Opportunity Act have a 5-year statute of limitations, 15 U.S.C. § 1691e(f), while actions brought under the Fair Housing Act are governed by a 2-year statute of limitations under 42 U.S.C. § 3613(1)(A). Federal law rather than state law determines when a cause of action accrues. *Indus. Constructors Corp. v. United States Bureau of Reclamation*, 15 F.3d 963, 968 (10th Cir. 1994). Federal law provides that "[t]he statute of limitations begins to run when Plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action." *Id.* At 969. That is, "[a] civil rights action accrues when facts that would support a cause of action are or should be apparent." *Flatus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995).

It would appear that the specific incident in question took place on April 1, 2015. Thus Plaintiff would not be barred from bringing his claims in the proper venue. This factor weighs against transferring the case, rather than outright dismissal.

The court next considers the merits of the case. In determining whether to dismiss or transfer a case, the court should take "a [quick look] at the merits to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed." *Hough v. Booker*, 210 F.3d 1147, 1149 (10th Cir. 2000). The court has reviewed the Complaint and finds that it does not comply with Fed. R. Civ. P. 8(a) which requires a "short and plain statement of the claim." The court finds the Complaint lacks "simplicity, conciseness, and clarity" and is riddled with irrelevant details and opinions.[4] *See Mann v. Boatright*, 477 F.3d

---

[4] Plaintiff claims seeing in Herriman's face and tone "another one of those officious persons who use their public office for extension of their bigoted views against civil rights and the rights of blacks in general". (Doc. # 1 at ¶ 8). Rudder also alleges "the demeanor of Herriman was such that it appeared that Plaintiff was a piece of something stuck to his shoe which he could not wait to shake and scrape off," (*id.* at ¶ 16), and that Herriman treated him in such a manner "based purely upon [Herriman's] belief that black people were vigilant and the demand for a written policy was akin to a declaration of some illegal action." (*Id.* at ¶ 18). Plaintiff offers conclusory statements such as "Key Bank has a policy and history of subverting civil rights of African Americans and Mexicans by their

1140, 1148 (10th Cir. 2007). It is made "unintelligible 'by scattering and concealing in a morass of irrelevancies the few allegations that matter.'" *Id.* (quoting *United States ex rel. Karst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003)).

More importantly, the Equal Credit Opportunity Act and the Fair Housing Act do not provide relief for Plaintiff under his own allegations. The Complaint states Plaintiff wished to open an account for his businesses. While these two statutes apply to mortgage lending practices, Plaintiff has not alleged that he was seeking mortgage lending services from KeyBank.  Under the Equal Credit Opportunity Act, "credit" is defined as

> The right granted by a creditor to a debtor to defer payment of debt or to incur debts and defer its payment or to purchase property or services and defer payment therefor.

15 U.S.C. § 1691a(d). A savings or checking account does not fall under this statutory definition of "credit". *Cf. Dunn v. Am. Exp. Co.*, 529 F. Supp. 633, 634 (D. Colo. 1982). There is no evidence Plaintiff attempted to apply for any service that would have given him the right to defer the payment of any debt.

This case does not involve a "residential real estate-related transaction" under the Fair Housing Act, which is defined as

> (1) The making or purchasing of loans or providing other financial assistance –
> (A) for purchasing, constructing, improving, repairing, or maintaining a dwelling; or (B) secured by residential real estate. (2) The selling, brokering, or appraising of residential real property.

42 U.S.C. § 3605(b). Plaintiff has not alleged that he was attempting to utilize KeyBank's loan services, or specifically any loan services related to a dwelling or residential real property as

---

procedures and policies and those policies are in flagrant violation of the intent and law that demands equality in lending and banking and that policy led to the actions of Jim Harriman sued herein individually." (*Id.* at ¶ 2). He further contends that "the Bank has no leg to stand on with its abject bigotry" regarding marijuana policies. (*Id.* at ¶ 15).

contemplated by the statute. Therefore, because Plaintiff's Complaint is likely to be dismissed on the merits, this factor also weighs against transferring the case.

Finally, the court considers whether Plaintiff filed the action in the wrong venue in good faith or "either realized or should have realized that the forum in which [he] filed was improper." *Trujillo*, 465 F.3d at 1223 n.16. While the court does not believe Plaintiff filed this action in the District of Colorado in bad faith, he should have realized that this forum was improper under the facts alleged. Thus, this factor also weighs against transfer of the case.

Although the decision to dismiss or transfer a case is within the trial court's discretion, *Sheriff v. Accelerated Receivable Solutions*, 349 Fed. Appx. 351, 355 (10th Cir. 2009), the ultimate issue is whether transferring this action would further the interest of justice. *Cohen v. Waxman*, No. 08-02188, 2009 WL 3390487, at *6 (D. Colo. Oct. 21, 2009). Weighing the relevant factors, the court answers that question in the negative and declines to transfer this action to U.S. District Court for the Eastern District of Washington.

### IV.    Conclusion

For the foregoing reasons, the court GRANTS Defendants' Motion. This action is DISMISSED WITHOUT PREJUDICE. Plaintiff can decide whether he wishes to re-file his action in the U.S. District Court for the Eastern District of Washington.

DATED at Denver, Colorado, this 13th day of November, 2015.

BY THE COURT:

s/Craig B. Shaffer
United States Magistrate Judge